# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS OF S.L.M., A MINOR.

VERONICA M.T.,
Appellant,
vs.
VALERIE M.,
Respondent.

No. 71271

FILED

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to her minor child. Eighth Judicial District Court, Family Court Division, Clark County; Rebecca Burton, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment. NRS 128.105(1)(b)(1). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant first argues that the district court lacked personal jurisdiction over her because respondent failed to properly serve her with the petition to terminate parental rights and the notice of hearing. The record demonstrates, however, that service was effectuated 76 days after the petition was filed when respondent had the petition and notice of hearing left with a co-occupant of suitable age and discretion at

17-23009

appellant's residence. NRCP 4(d)(6); NRS 128.060. Appellant appeared at the initial hearing in response to the petition, opposed the petition, and acknowledged that the house where the petition and notice of hearing were served was the correct address for service. Appellant then failed to appear at the evidentiary hearing, although her counsel did appear.

Second, appellant contends that the district court erred in finding that she had abandoned the child. Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault finding that appellant abandoned the child. NRS 128.105(1)(b)(1). It is presumed that a parent has abandoned a child when the child is left "in the care and custody of another without provision for the child's support and without communication for a period of 6 months." NRS 128.012(2). Further, abandonment is established when a parent's conduct "evinces a settled purpose . . . to forego all parental custody and relinquish all claims to the child." NRS 128.012(1).

At the time of the trial, appellant had left the child in respondent's care for over four years without providing any support for the child. In those four years, appellant only saw the child on three occasions and spoke with her on the phone occasionally. The last contact appellant had with the child was a telephone call over a year before the trial. Thus, the presumption that appellant had abandoned the child applies and she failed to rebut this presumption. Even after appearing to contest the petition to terminate her parental rights, appellant did not attempt to contact or visit the child and she failed to personally appear at the termination trial. Therefore, substantial evidence supports the district court's finding that appellant has abandoned the child.

While appellant does not challenge the district court's finding that termination is in the child's best interest, we conclude that substantial evidence supports that finding as well. NRS 128.105(1). The child has spent the majority of her life in respondent's care and has excelled in her care. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Rebecca Burton, District Judge, Family Court Division
The Grigsby Law Group
Smith Legal Group
Eighth District Court Clerk